**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM CONSALO & SONS FARMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MEX-PRODUCE SALES, LLC, SAUL GONZALES, and CARLOS ZARAGOZA, <br><br> Defendants. | No. CIV 08-348-TUC-CKJ <br><br> **ORDER** |

Plaintiff William Consalo & Sons Farms, Inc. ("Farms") has filed a Motion for Entry of Default Judgment and Final Judgment Thereon [Doc. # 16]. No response has been filed.

I. *Factual and Procedural Background*

Farms is a corporation with a principal place of business in Vineland, New Jersey. Farms engages in the business of buying and selling wholesale quantities of perishable agricultural commodities, i.e., produce, in interstate commerce. Farms is a dealer subject to and licensed under the provisions of Perishable Agricultural Commodities Act ("PACA"). Mex-Produce Sales, L.L.C. ("Mex-Produce") is an Arizona limited liability corporation with its principal place of business in Nogales, Arizona. Mex-Produce buys wholesale quantities of produce in interstate commerce. Mex-Produce is a dealer subject to and licensed under the provisions of PACA. Saul Gonzales ("Gonzales") and Carlos L. Zaragoza ("Zaragoza")

were members of Mex-Produce at the relevant times. Gonzales and Zaragoza controlled the day to day operations of Mex-Produce and were in positions of control over the PACA trust assets belonging to Farms.

Farms sold and delivered to Mex-Produce wholesale amounts of produce worth $15,765.00 between June 30, 2007, and August 7, 2007. Payment has not been made.

Language required by 7 U.S.C. § 499e(c)(4) was included on Farms' invoice so that Farms could preserve its interest in the PACA statutory trust designed to assure payment to produce suppliers.

On June 10, 2008, Farms filed a Complaint in this Court alleging (1) Defendants failed to pay trust funds, (2) Defendants failed to pay for goods sold, (3) Gonzales, as a corporate official, unlawfully dissipated trust assets, (4) Zaragoza, as a corporate official, unlawfully dissipated trust assets, and (5) Farms is entitled to prejudgment interest, costs, and attorneys' fees.

On September 11, 2008, Farms filed an Application for Entry of Default Judgment and Final Judgment Thereon [Doc. # 14] ("Application"). On September 15, 2008, default was entered by the Clerk of the Court. On September 29, 2008, Farms filed a Motion for Entry of Default Judgment and Final Judgment Thereon [Doc. # 16] ("Motion"). No response has been filed.

II. *Adequacy of Service of Process*

As a preliminary matter, the Court addresses the adequacy of the service of process on Defendants. *See e.g., Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992) (Where default "is based on a void judgment under rule 60(b)(4), the district court has no discretion-the judgment is either void or it is not. If a court lacks jurisdiction ... because of insufficient service of process, the judgment is void and the district court must set it aside.); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851-52 (9th Cir. 1992) (finding that where a plaintiff "failed to serve [defendant] properly ... the default judgments [wa]s void").

Based on the Affidavits of Service filed in this case [Doc. #s 10 and 13], it appears

that the Complaint and Summons were personally served on Zaragoza on July 24, 2008, and on Gonzales on August 20, 2008.[1] *See* Fed.R.Civ.P. 4(e) (discussing service of process on an individual). Based on another Affidavit of Service filed in this case [Doc. # 11], it appears that the Complaint and Summons was served on Mex-Produce by serving Gonzales on August 20, 2008. *See* Fed.R.Civ.P. 4(h) (discussing service of process on a corporation, partnership, or association). Therefore, with the Complaint having been properly served on Defendants, Farms has satisfied the service requirements necessary to obtain a default judgment.

III. *Default Judgment against Defendants*

Rule 55(b)(2), Fed.R.Civ.P., provides for the entry of judgment by default by the court. However, a court may not enter judgment by default against an infant or incompetent person unless he is represented by a general guardian, committee, conservator, or other such representative. *Id*. Moreover, the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. Appendix, § 501, provides specific requirements which must be fulfilled before a default judgment may be entered. 50 U.S.C. § 520. Defendants are not infants, incompetent persons, or in the military service of the United States. Affidavit of Richard Cole, ¶ 8. Thus, there is nothing in Rule 55(b)(2) or the Soldiers' and Sailors' Civil Relief Act that prevents the Court from entering judgment by default.

---

[1] The Affidavit of Service as to Gonzales indicates that the process server served an individual believed to be Gonzales based on (1) numerous visits to 2047 N. Ocean Garden Drive Bldg. B, Nogales, Arizona, when the office manager informed the process server that Gonzales was not available, (2) surveillance of the building by the process server when he had been informed by the officer manager that Gonzales would return shortly, (3) the process server being informed that Gonzales' vehicle was in the parking lot on August 20, 2008, after the officer manager had informed him that Gonzales was not present, (4) a description provided to the office manager, (5) a discussion with the individual who had claimed to be the office manager rather than Gonzales for over two months, and (6) the process server's 15 years experience as a process server leading him to believe that the purported office manager was actually Gonzales.

IV. *Default Judgment and Eitel Factors*

Because service appears to have been proper and default judgment may be entered against Defendants, the Court now addresses the merits of Farms' Motion. After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed.R.Civ.P. 55. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As default has already been entered in this case, the Court must take as true all factual allegations in Farms' Complaint except for those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks omitted); *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002).

A. *Possibility of Prejudice to Plaintiff*

The Court first considers whether Farms will suffer prejudice if default judgment is not entered. *Eitel.* Based on the documents submitted by Farms, it appears that Defendants do not contest the fact that Farms as a beneficiary of the PACA trust is entitled to payment for the produce accepted by Defendants from Farms. The Court concludes that Farms would suffer prejudice if its motion for default judgment were denied because it would be "without other recourse for recovery." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D.Cal. 2002).

1  B.  *Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint*

The Court also considers that *Eitel* "require[s] that a plaintiff state a claim on which the [plaintiff] may recover."  *Philip Morris U.S.A., Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D.Cal. 2003) (internal quotation marks omitted).  A PACA plaintiff must show that (1) the commodities sold were perishable agricultural commodities, (2) the purchaser was a commission merchant, dealer, or broker, (3) the transaction occurred in contemplation of interstate or foreign commerce, (4) the seller has not received full payment on the transaction, and (5) the seller preserved its trust rights by including statutory language referencing the trust on their invoices.  7 U.S.C. § 499e(c)(3), (4); 7 C.F.R. § 46.46(c), (f).

In the instant case, Farms has sufficiently stated a claim under the PACA.  Farms has pleaded facts supporting the creation of a trust between Farms and Defendants under 7 U.S.C. § 499e(c) and the Defendants' breach of that trust under 7 U.S.C. § 499b(4).  Further, Farms has pleaded facts that the commodities sold were perishable agricultural commodities and that the transaction occurred in contemplation of interstate commerce.  Additionally, Farms and Mex-Produce have been identified as licensed PACA dealers.  *See* 7 U.S.C. § 499a(b).  Farms preserved the trust under 7 U.S.C. § 499e(c)(4) by inserting the requisite statutory language on its invoice to Mex-Produce and has not received full payment on the transaction.  Moreover, Farms has pleaded facts to establish that Gonzales and Zaragoza were in positions to oversee the proper application of the PACA trust assets and did not preserve the trust assets for Farms.  Gonzales and Zaragoza, therefore, have breached a fiduciary duty and are personally liable for those tortuous acts.  *Coosemans Specialties, Inc. v. Gargiulo, et al.*, 485 F.3d 701 (2nd Cir. 2007).  Given these allegations and the Court's acceptance of these allegations as true, the Court finds that Farms has adequately shown that Defendants have violated the PACA.

C.  *Sum of Money at Stake in Action*

For the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *California Security Cans*, 238 F.Supp.2d

1 at 1176. If the sum of money at stake is completely disproportionate or inappropriate, default 2 judgment is disfavored. In this case, the damage award sought by Farms is the payment of 3 $15,765.00. This constitutes the amounts for shipments of mangos related to seven invoices.

4 Here, Defendants did not comply with the PACA trust and Gonzales and Zaragoza 5 violated their fiduciary duties. The amount of damages sought by Farms, i.e., the amount of 6 money at stake in relation to Defendants' conduct is proportionate and appropriate.

8 D. *Possibility of Dispute Concerning Material Facts*

9 The Court also considers the possibility of dispute as to any material facts in the case. 10 Here, there is little possibility of dispute concerning material facts because (1) based on the 11 entry of default, the Court accepts all allegations in Farms' complaint as true (except for those 12 relating to damages) and (2) Defendants have not made any attempt to challenge Farms' 13 Complaint or even appear in this case.

15 E. *Whether Default Was Due to Excusable Neglect*

16 Usually, a court will ask whether the failure to answer is due to excusable neglect. *See* 17 *Eitel*, 782 F.2d at 1472 (noting that the fact that the parties were engaged in settlement 18 negotiations excused defendant from failing to answer). In the instant case, Defendants were 19 properly served with the Summons and Complaint. Indeed, it appears that Gonzales sought 20 to evade service. Moreover, the Application [Doc. # 14] was mailed to Defendants.[2] Given 21 these circumstances, it is unlikely that Defendants' failure to answer and the resulting default 22 was a result of excusable neglect. *Cf. Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194

---

[2] The Court notes that Defendants have not appeared in this action or demonstrated a clear purpose to defend the suit. *See*, Rule 55(b)(2), Fed.R.Civ.P. (service upon party of written notice of the application for default judgment if party has appeared in the action); *Wilson v. Moore & Associates, Inc.*, 564 F.2d 366, 369 (9th Cir. 1977) ("In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit."); *Franchise Holding II, L.L.C. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 928 (9th Cir. 2004).

- 6 -

F.Supp.2d 995, 1005 (N.D.Cal. 2001) (concluding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion").

F. *Policy Underlying Federal Rules of Civil Procedure*

Generally, default judgments are disfavored because "cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, because a discretionary standard is applied, "default judgments are more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D.Cal. 1999). Indeed, the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh *Eitel* factor is not alone dispositive. *California Security Cans*, 238 F.Supp.2d at 1177. Moreover, the Defendants' failure to answer the Complaint makes a decision on the merits impractical, if not impossible. Based on the affidavit in support of Farms' request for attorneys' fees, it appears that Farms attempted to resolve this matter with Defendants prior to the filing of this lawsuit. Further, Defendants have failed to respond to the lawsuit and Farms has specifically pleaded facts supporting its claim; therefore, the policy encouraging decisions of cases on their merits does not weigh against granting default judgment here.

V. *Summary*

Based on all the *Eitel* factors discussed above, the Court finds that Farms' Motion should be granted.

VI. *Damages*

Having determined that the Motion should be granted, the Court now turns to the matter of damages. Farms seeks $15,765.00 in damages. Under PACA, a commission merchant, dealer, or broker that violates any provision of section 499b shall be liable for the full amount of damages sustained in consequence of such violation. 7 U.S.C. § 499e(a). According to the Complaint, as corroborated by the affidavit of Vince Consalo and its

attachments, Defendants failed to pay Farms $15,765.00.  The Court finds that Farms has established that Defendants are liable for $15,765.00.

VII. *Attorneys' Fees, Prejudgment Interest, and Costs*

Farms has requested an award of attorneys' fees in the amount of $6,996.87, prejudgment interest in the amount of $344.13 through September 15, 2008, and costs in the amount of $702.87.

A. *Attorneys' Fees*

The Ninth Circuit has determined that a PACA beneficiary may also recover expenses and fees that are due contractually or otherwise "in connection with" the transaction that is the subject of the PACA trust claim. *Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1223 (9th Cir. 2002).  In *Middle Mountain*, the court allowed a trust beneficiary to collect attorneys' fees and interest because the invoice for the produce created a contractual right to such fees.  The fees were "within the scope of the statute's protection of 'full payment owing in connection with the [PACA] transaction." *Middle Mountain*, 307 F.3d at 1223, *quoting* 7 U.S.C. § 499e(c).  The court stated that the invoices and related communications should be assessed to determine whether they created a contractual right to attorneys' fees and prejudgment interest.  *Id*., at 1225.  However, the court also found that, where the invoice does not create a contractual right to attorneys' fee, there is no contractual right to attorneys' fees.  *Id*., at 1225 ("the district court has limited authority to grant attorneys' fees to PACA claimants").[3]

---

[3]The Court notes that two of the cases cited by Farms in its Memorandum in support of its Motion involved language included on the invoices to create a contractual right to attorneys' fees.  *See Country Best v. Christopher Ranch, LLC*, 361 F.3d 629, 631 (11th Cir. 2004) ("requests were based on notations on invoices"); *JC Produce, Inc. v. Paragon Steakhouse Rests., Inc.*, 70 F.Supp.2d 1119, 1123 (E.D.Cal. 1999) (plaintiff's invoices expressly reserved PACA trust rights over interest and reasonable attorneys' fees).  The court in *E. Armata, Inc. v. Platinum Funding*, 887 F.Supp.2d 1119, 1123 (E.D.N.Y. 1995), did not

- 8 -

1  In this case, the invoices do not include a provision that, for example, attorneys' fees
2  necessary to collect payments are sums owing in connection with the transaction. *See e.g.,*
3  *JC Produce, Inc. v. Paragon Steakhouse Rests., Inc.*, 70 F.Supp.2d 1119, 1123 (E.D.Cal.
4  1999) (plaintiff's invoices expressly reserved PACA trust rights over interest and reasonable
5  attorneys' fees). Moreover, Farms has failed to provide any other related communications
6  exhibiting a contractual right to attorneys' fees. The Court finds that an award of attorneys'
7  fees is not appropriate.

*B. Prejudgment Interest*

The Ninth Circuit has determined that "a district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and that such an award absent contract is discretionary." *Middle Mountain*, 307 F.3d at 1226. The Court considers that Defendants accepted the produce more than one year ago, counsel for Farms attempted to resolve the payment dispute with Defendants prior to filing suit, and Gonzales sought to evade service. The Court finds that an award of prejudgment interest is necessary to protect the interests of Farms and finds that Farms is entitled to prejudgment interest in the amount of $244.37. *See Nelson v. EG&G Energy Measurements Group, Inc.*, 37 F.3d 1384, 1391 (9th Cir. 1994). The Court calculates the prejudgment interest from August 8, 2007, the day after the last invoice, at a rate of 1.25%, compounded daily. *See* 28 U.S.C. § 1691(a) (interest rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding; 28 U.S.C. § 1961(b) (interest computed daily).

*C. Costs*

The Ninth Circuit has determined that the language "in connection with" in the PACA

---

state whether any invoice included language regarding attorneys' fees.

- 9 -

authorizes "not only the price of the perishable agricultural commodities but also additional related expenses . . ." *Middle Mountain*, 307 F.3d at 1222-23. The Court finds Farms is entitled to an award of costs in the amount of $702.87.

Accordingly, IT IS ORDERED:

1. William Consalo & Sons Farms, Inc.'s Motion for Default Judgment [Doc. # 16] is GRANTED;

2. Judgment is awarded in favor of William Consalo & Sons Farms, Inc., and against Mex-Produce Sales, L.L.C., Saul Gonzales, and Carlos L. Zaragoza in the amount of $15,765.00 for damages, $244.37 for prejudgment interest, and $702.87 for costs.

3. The Clerk of the Court shall enter judgment in favor of William Consalo & Sons Farms, Inc., and against Mex-Produce Sales, L.L.C., Saul Gonzales, and Carlos L. Zaragoza and shall then close its file in this matter.

DATED this 22nd day of October, 2008.

_____
Cindy K. Jorgenson
United States District Judge